UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

NOE HERNANDEZ,                          §
                                        §
            Petitioner,                 §
VS.                                     §        CIVIL ACTION NO. 2:13-CV-417
                                        §
WILLIAM STEPHENS,                       §
                                        §
            Respondent.                 §

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is currently incarcerated at the Wynne Unit in Huntsville, TX. Proceeding *pro se*, Petitioner filed this petition pursuant to 28 U.S.C. § 2254 on December 20, 2013.[1] (D.E. 1). The subject of the petition is a 2010 Nueces County conviction for aggravated kidnapping, aggravated sexual assault of a child, and indecency with a child. Petitioner claims there was prosecutorial misconduct, ineffective assistance of trial and appellate counsel, and the trial court made several errors. (D.E. 1).

On March 13, 2014, Respondent filed a Motion for Summary Judgment. (D.E. 10). Petitioner filed a response on April 9, 2014. (D.E. 16). As discussed more fully below, it is recommended that Respondent's Motion for Summary Judgment be **GRANTED** and Petitioner's action for habeas corpus relief be **DISMISSED**. It is further recommended that a Certificate of Appealability be **DENIED**.

---

[1] The petition was signed on December 20, 2013, and received by the Court on December 30, 2013. (D.E. 1); *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)( A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.")

## I.     JURISDICTION

Jurisdiction and venue are proper in this Court because Petitioner was convicted in Nueces County, Texas, which is within the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II.    BACKGROUND

Petitioner was convicted and sentenced to life imprisonment by a Texas state court after being found guilty by a jury of two counts of aggravated kidnapping, six counts of aggravated sexual assault of a child, and two counts of indecency with a child by sexual contact involving one fourteen year old girl and one fifteen year old girl ("T.K. and K.V").  Petitioner and his co-defendant repeatedly sexually assaulted both girls after driving them to a deserted beach in Port Aransas, Texas.  (D.E. 11-4, Pages 2-5).

Petitioner filed a direct appeal and the Thirteenth Court of Appeals affirmed his conviction.  (D.E. 11-4 and D.E. 11-10).  Following the denial of his motion for rehearing, Petitioner filed a petition for discretionary review ("PDR") on July 6, 2012 with the Texas Court of Criminal Appeals, maintaining there was prosecutorial misconduct and ineffective assistance of trial counsel.  (DE 11-6).  On August 22, 2012, this petition was refused.  (D.E. 11-9).

On September 17, 2013, Petitioner filed an application for state habeas corpus relief in which he argued there was prosecutorial misconduct, ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and the trial court made several errors. (D.E. 14-8).  On November 27, 2013, Petitioner's application was "denied without written order on findings of trial court without hearing" by the Texas Court of Criminal Appeals.  (DE 14-8, Page 2 and D.E. 14-11, Page 21).

Petitioner filed this federal habeas petition on December 20, 2013, on the same grounds.

In the pending Motion for Summary Judgment, Respondent argues Petitioner's claims are without merit. (D.E. 10). Petitioner filed a response arguing his claims are valid. (D.E. 16).

## III.  ANTITERRORISM AND EFFECTIVE DEATH PENATLY ACT OF 1996 ("AEDPA")  28 U.S.C. §2254

Federal habeas relief is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States. *Boyd v. Scott*, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (citation omitted). Under AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies the principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Although "unreasonable" is difficult to define, the Court noted it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or

"erroneous" application of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001)(citing *Williams*, U.S. 362 at 412-413).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)(*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A federal habeas court must determine what theories or arguments supported, or could have supported, that state court's decision. Then it must ask whether it is possible that fair minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *Harrington*, 131 S. Ct. at 786. Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Id*. (*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

The standard is very difficult to meet. "As amended by AEDPA, § 2254(d) stops short of the imposing a complete bar on federal court litigation of claims already rejected in state proceedings…It preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther." *Id*. "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Id*. at 786-787. In addition, if a decision by a state court is silent as to the reasons for the refusal, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence. *Garcia v. Quarterman*, 454

F.3d 441, 444 (5th Cir. 2006). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Id.* In addition, "where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Richter*, 131 S.Ct. at 784.

## IV.    SUMMARY JUDGMENT

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000).

Rule 56 of the Federal Rules of Civil Procedure generally applies to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000)(citations omitted)); *see also* Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus...."). While summary judgment rules apply with equal force in a § 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. *See Smith v. Cockrell,* 311

F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke,* 542 U.S. 274, (2004).

## V.      DISCUSSION

### A.  <u>Prosecutorial Misconduct</u>

Petitioner alleges his conviction was the result of prosecutorial misconduct because the state prosecutor withheld and/or suppressed exculpatory evidence consisting of medical records, rape kit examination documents, work sheets, hand written notes of foreign forensic evidence, affidavits and statements of interviews with District Attorney Skuka dated 6/16/09 and 8/3/09, outgoing/incoming calls and texts and cell phone records of T.K. and K.V., T.K. and K.V.'s mothers' affidavits, and other documents including a chain of custody manifest of forensic and physical evidence such as rape kits.

Petitioner raised this claim in his state writ application.   (D.E. 14-8, Pages 40-49). Respondent argues, as did the State in response to Petitioner's state writ application, that Petitioner waived this claim for habeas review under the direct appeal default rule and, alternatively, the claim lacks merit because all of the evidence was given to the defense and admitted at trial.  (D.E. 14-10, Pages 34-39 and D.E. 10, Page 32-43).  The state habeas court adopted the State's assertions, finding the Petitioner "waived review of his prosecutorial misconduct claim by failing to raise it at trial or on appeal when the factual bases for the claim was known" and "even reviewing the claim on the merits, the claim fails when the complained of evidence was admitted at trial and he has failed to show it was withheld by the State."  (D.E. 14-11, Page 21).

The general rule is that the federal habeas court will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural ground.

*Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991); *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999). To produce a federal cognizable default, the state procedural rule "must have been 'firmly established and regularly followed' by the time it is to be applied. *Ford v. Georgia*, 498 U.S. 411, 424 (1991); *see also Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). The Fifth Circuit has recognized, since at least 1998, that a convicted criminal defendant in Texas is required to present any and all claims then available as points of error on direct appeal to avoid procedural default during later review. *See Busby v. Dretke*, 359 F.3d 708, 719 (5th Cir. 2004)(claims barred in state court by the "firmly entrenched" rule in *Ex Parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996) were also defaulted on federal habeas review). Therefore, the rule that record-based claims not raised on direct appeal will not be considered in subsequent habeas proceedings is sufficient to bar federal review.

A procedural default may be excused if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In this case, Petitioner's claim was procedurally barred because he did not raise it on direct appeal. The Texas Court of Criminal Appeals denied his petition without written order based on the trial court's findings. (D.E. 14-8, Page 2 and D.E. 14-11, Page 21). Petitioner has failed to show cause and actual prejudice for his procedural default and has made no showing that a failure to address the merits of the federal claim would result in a miscarriage of justice. Therefore, it is recommended that Petitioner's application for writ of habeas corpus be denied on this ground.

However, even if Petitioner had been able to overcome the procedural bar, he has still failed to show the state court's determination was contrary to, or involved an unreasonable

application of, federal law, or was an unreasonable determination of the facts based on the evidence in the record. The prosecution has a duty to disclose all evidence favorable to the defendant in a criminal case. *See Brady v. Maryland*, 373 U.S. 83 (1963). To prevail on a prosecutorial misconduct claim regarding suppressed evidence, a petitioner must establish that the evidence at issue was (1) suppressed by the prosecution, (2) favorable to the defense, and (3) material to Petitioner's guilt or punishment. *Mahler v. Kaylo*, 537 F.3d 494, 500 (5th Cir. 2008)(*citing Lawrence v. Lensing*, 42 F.3d 255, 257 (5th Cir. 1994)). Evidence is "material" only when there exists "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* The materiality determination is a mixed question of law and fact. *Summers v. Dretke*, 431 F.3d 861, 878 (5th Cir. 2005).

Petitioner has failed to present any evidence of prosecutorial misconduct, including that any exculpatory evidence was withheld. The State averred that it provided all the evidence Petitioner alleges was suppressed to the defense and that it was admitted at trial, citing specific transcript pages. (D.E. 14-11, Page 21 and D.E. 14-10, Pages 35-39). Upon review, it is clear this evidence was admitted at trial. Moreover, even if the State had withheld this evidence, Petitioner has failed to establish that it would be exculpatory or impeaching. In short, Petitioner has failed to establish any reasonable probability that this evidence was withheld and even if it was, that he would not have been convicted had this evidence been presented.

Having independently reviewed the entire state court record, the undersigned finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, it is recommended that Petitioner's prosecutorial misconduct claim does not warrant federal habeas relief.

**B.** **Ineffective Assistance of Counsel**

In his next grounds for relief, Petitioner claims both his trial and appellate counsel were both ineffective. The state habeas court found Petitioner "has not shown that either trial or appellate counsel rendered deficient performance or that, but for their performance, the results of his trial or appeal would have been different." (D.E. 14-11, Page 21 and D.E. 14-8, Page 2). Petitioner has failed to show this determination was contrary to, or involved an unreasonable application of federal law, or was an unreasonable determination of the facts based on the evidence in the record. Therefore, for the reasons stated below, it is recommended that Petitioner is not entitled to relief on this claim and Respondent is entitled to summary judgment on this issue.

### 1. *Trial Counsel*

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong test set out in *Strickland v. Washington*. 466 U.S. 668 (1984). Petitioner must show counsel's performance fell below an objective standard of reasonableness and that deficient performance prejudiced the defense. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687-88. Petitioner must prove he was prejudiced by his attorney's substandard performance, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687. Petitioner then "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.

at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 131 S. Ct. 770, 792 (2011)(citations omitted).

Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. A court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance while recognizing that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689. The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms." *Id.* at 690.

In addition, federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). Where the state court adjudicated an ineffective assistance claim on the merits, this Court must review petitioner's claim under both *Strickland* and § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions fell below *Strickland's* standard – it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 131 S. Ct. at 785.

The state habeas court found that Petitioner's "attorneys rendered effective assistance under *Strickland*." (D.E. 14-11, Page 21). Petitioner claims his trial counsel was ineffective

because he failed to: exhibit and introduce into the reporter's record favorable material evidence, specifically the victims' May 19-20, 2007, cell phone records; subpoena certain witnesses, specifically the victims' friends; cross-examine, challenge or object to the DPS serology report, cross-examine DPS lab technologists; object to the State entering the DNA blood vial of the defendant's blood that was missing the cap seal label; bring jury misconduct to the Court's attention; disclose trial counsel's recent work history; and object to the co-defendant's last minute offer to falsely plead guilty and falsely testify under oath. (D.E. 1, Pages 6-7). As with his claim of prosecutorial misconduct, Petitioner has failed to present any evidence to substantiate his claims.

### a. Cell phone records and subpoena certain witness, specifically the victims' friends

Petitioner alleges his trial counsel failed to "exhibit and introduce into the reporters record for jury and courts review favorable material evidence cell phone records of May 19-20, 2007." (D.E. 2, Page 32). Petitioner claims the victims were calling and texting their friends during the alleged crime. Petitioner also states his trial counsel failed to subpoena the victims' friends who received these calls and text messages. (D.E. 2, Page 33).

As stated previously, this evidence was produced prior to and admitted at trial. (D.E. 12-7, Pages 33-35). Petitioner has not provided any evidence to the contrary. The state habeas court found, specifically adopting the assertions in the State's Answer, that "the record shows that [Petitioner's] attorney produced this evidence at trial and both victims' cell phone records were admitted into evidence." (D.E. 12-6, page 5, D.E. 14-10, Pages 35-39, and D.E. 14-11, Page 21). Moreover, Petitioner has failed to establish that these records, or the testimony of the victims' friends, were exculpatory in any way.

Further, the Fifth Circuit has repeatedly held that complaints of uncalled witnesses are not favored in federal habeas review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative. *Day v. Quarterman*, 566 F.3d 527 (5th Cir. 2009); *see also Bray v. Quarterman*, 265 Fed.Appx. 296, 298 (5th Cir. 2008). To prevail on an ineffective assistance of counsel claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show the testimony would have been favorable to a particular defense. *Id*. (*citing Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). Petitioner's claim regarding the witnesses fails because he has not shown that these witnesses were available to testify at trial or that their testimony would have been of benefit to his defense.

It is therefore recommended that the state court's rejection of Petitioner's ineffective assistance claim regarding the cell phone records and possible witnesses was not an unreasonable application of clearly established federal law or an unreasonable determination of the facts based on the evidence in the record.

### b. DPS serology report, DPS lab technologists; DNA blood vial

Petitioner contends his attorney rendered ineffective assistance by failing to challenge or object to the DPS serology report, failing to cross-examine DPS lab technologist and/or object to the State entering DNA blood vial of his blood missing a cap seal label because of chain of custody concerns. (D.E. 1, Pages 6-7). Petitioner claims the DNA evidence demonstrates he was excluded as a DNA match. (D.E. 2, Pages 34-39).

In contrast to Petitioner's allegations, there was substantial testimony regarding this evidence. (D.E. 14-10, Pages 36-37 and 40). The record shows Petitioner's attorney, as well as

his codefendant's attorney, thoroughly questioned each witness, from the technicians who drew Petitioner's blood and collected additional DNA evidence to law enforcement officers involved in transporting this evidence to the specialists who analyzed it and reported the results. (D.E. 13-4, D.E. 13-5). A forensic scientist with the Texas Department of Public Safety Crime Laboratory in Corpus Christi testified that a cap seal label is never used. (D.E. 13-4, Pages 16-18). Additionally, the manager for Christus Spohn Hospital Memorial Correctional Health Care supported this testimony. (D.E. 13-4, Pages 28-32 and 38-42). The record does not substantiate Petitioner's claim that he was excluded as a DNA match. Further, the record shows Petitioner's co-defendant's attorney as well as his own attorney made an objection to the admission of the blood vial for a variety of reasons. (D.E. 13-4, Pages 43-46). The objection was overruled based on witness testimony. (D.E. 13-4, Pages 46-47).

Therefore, it is recommended that the state court's rejection of Petitioner's ineffective assistance claim regarding the above evidence was not an unreasonable application of clearly established federal law or an unreasonable determination of the facts based on the evidence in the record.

### c. Jury misconduct

Petitioner alleges counsel failed to apprise the Court of juror misconduct when a juror was speaking to a State's witness in the hallway during a recess. This ground was denied on its merits at the state habeas level. Petitioner has no evidence this conversation took place or if it did, what the conversation was about, i.e. whether it was about the trial. Therefore, it is respectfully recommended that the state court's rejection of Petitioner's ineffective assistance claim regarding alleged juror misconduct was not an unreasonable application of clearly

established federal law or an unreasonable determination of the facts based on the evidence in the record.

### d. Co-defendant's testimony

Petitioner also alleges his trial counsel was ineffective because he failed to "object to the codefendant's last minute offer to plea guilty and falsely testify under oath...after I was mislead to not testify [because] co-defendant was also not testifying." (D.E. 2, Page 5). However, the record shows Petitioner's codefendant was found guilty by the jury without testifying. (D.E. 13-7, Pages 20-24). Further, as argued by the State and adopted by the state habeas court and supported by the record, Petitioner's co-defendant testified only at the punishment stage after the jury had determined guilt. (D.E. 14-10 Page 42, D.E. 13-8 Pages 59-84 and D.E. 13-9 Pages 1-8). It is well settled that a defendant may testify on his own behalf. *Rock v. Arkansas*, 483 U.S. 44 (1987); *Bower v. Quarterman*, 497 F.3d 459, 473 (5th Cir. 2007). Additionally, after Petitioner's co-defendant informed the judge he would be voluntarily testifying at the punishment phase but prior to the testimony taking place, Petitioner was specifically asked if he also wished to testify. (D.E. 13-8, Page 61-62). Petitioner affirmed he had "lengthy" discussions with his attorney about testifying and had decided not to testify. (D.E. 13-8, Page 62). Further, Petitioner's counsel cross-examined Petitioner's co-defendant when he did testify. (D.E. 13-9, Pages 3-5).

The record does not support Petitioner's allegations that his co-defendant plead guilty and falsely testified under oath. Further, Petitioner was given the chance to testify after being informed his co-defendant would be doing so. The record indicates Petitioner made the decision not to testify after lengthy discussions with counsel. *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000)(citations omitted)(Counsel's decision not to place a defendant on the stand is a strategy

which seldom will support a challenge of ineffective assistance of counsel); *see also Strickland,* 466 U.S. at 689(Federal habeas courts presume trial strategy is objectively reasonable unless clearly proven otherwise). Therefore, it is recommended that the state court's rejection of Petitioner's claim was not an unreasonable application of clearly established federal law or an unreasonable determination of the facts based on the evidence in the record.

### e. Conflict of Interest

Petitioner next alleges his trial counsel had an undisclosed conflict of interest because his trial counsel previously worked as a prosecutor in the Nueces County District Attorney's office. In claims of ineffective assistance based on a conflict of interest, Petitioner must show an actual, rather than speculative or potential, conflict of interest existed which compelled counsel to compromise duties of loyalty or zealous advocacy to his client affecting his performance at trial. *Bostick v. Quarterman*, 580 F.3d 303, 307 (5th Cir. 2009); *see Cuyler v. Sullivan*, 446 U.S. 335 (1980); *see also Strickland*, 466 U.S. at 692-93. An actual conflict of interest exists if counsel is required to choose between advancing his client's interests in a fair trial or advancing other interests, including his own, to the detriment of his client's interest. *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000). A conclusory allegation of an actual conflict is insufficient for obtaining habeas corpus relief. *Id*. To show adverse effect, the Petitioner must show that some plausible defense strategy or tactic might have been pursued but was not because of a conflict of interest. *Id.*

As determined by the state habeas court, Petitioner has not shown how counsel was required to make a choice between advancing his client's interest in a fair trial or advancing other interests to Petitioner's detriment. Further, Petitioner failed to show his attorney acted on behalf of any other interest at trial by identifying the adverse effect on specific instances of

counsel's performance.  Having reviewed the record regarding Petitioner's other grounds for relief, it does not indicate counsel was faced with having to make a choice contrary to Petitioner's interests.  Nor does the record suggest counsel and Petitioner's interests diverged even if they differed in opinion as to the successfulness or benefit of certain courses of action. Petitioner has failed to show any alleged conflict of interest had an adverse impact or effect on counsel's performance in defending Petitioner or otherwise prejudiced Petitioner in any way. Petitioner's mere assertion of a conflict of interest will not support a claim of ineffective assistance of counsel.  Therefore, for the reasons stated above, it is recommended that Petitioner is not entitled to relief on this claim and Respondent is entitled to summary judgment on this issue.

### 2. *Appellate Counsel*

Petitioner argues his counsel was ineffective because counsel operated under a conflict of interest and as a result, failed to raise an ineffective assistance of trial counsel as a ground for relief.  (D.E. 1, Page 8).  Petitioner further alleges his appellate counsel inadequately briefed the points of error raised on appeal.  (DE 1, Page 8).

### a.  Conflict of Interest and Ineffective Assistance of Trial Counsel

Petitioner alleges his appellate attorney was ineffective because his appellate counsel falsely told Petitioner he did not know Petitioner's trial counsel.  Petitioner states his trial and appellate counsel were both officers in the same professional organization and were also friends. (D.E. 2-1, Page 8).  As a result of the pre-existing relationship, Petitioner alleges his appellate counsel failed to plead ineffective assistance of trial counsel even though Petitioner informed his appellate counsel that "he was disappointed with the representation he received from his trial

attorney, that he did not investigate or prepare for trial, and failed to subpoena witnesses." (D.E. 2-1, Page 8).

A conclusory allegation of an actual conflict is insufficient for obtaining habeas corpus relief. *Perillo*, 205 F.3d at 781. Petitioner has not shown how appellate counsel was required to make a choice between advancing his client's interest or advancing other interests to Petitioner's detriment. *Id.* Further, as previously discussed, the state habeas court's determination that Petitioner failed to demonstrate his trial counsel had "rendered deficient performance" was not contrary to or involved an unreasonable application of federal law or an unreasonable determination of the facts based on the evidence in the record. (D.E. 14-11, Page 21).

Therefore, for the reasons stated above, it is recommended that Petitioner is not entitled to relief on this claim and Respondent is entitled to summary judgment on this issue.

### b. Briefing Points of Error

The two-prong *Strickland* standard applies to claims of ineffective assistance of counsel on appeal. A petitioner must first show that his counsel was objectively unreasonable for failing to present arguable issues on appeal, and then must show that but for the failure, he would have prevailed on appeal. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *see also Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001). To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). When a petitioner argues his counsel was deficient for failing to raise or properly brief certain arguments on appeal, he must show prejudice under the *Strickland* standard. *Sharp v. Puckett*, 930 F.2d 450, 451-52 (5th Cir. 1991)(*citing Penson v. Ohio*, 488 U.S. 75 (1988)).

Petitioner alleges his appellate counsel was ineffective by failing to adequately brief the points of error raised on appeal because counsel did not include the arguments raised by Petitioner in the current petition. (D.E. 2-1, Page 13-15). To establish this claim, Petitioner must demonstrate that, but for counsel's failure to brief these grounds, there is a reasonable probability that he would have prevailed on appeal.

Contrary to Petitioner's assertions, his appellate counsel raised ten points of error, challenging the sufficiency of the evidence. (D.E. 11-1). Although counsel did not brief the claims as Petitioner would have preferred, there is no reason to believe his conviction would have been reversed had those claims been briefed to Petitioner's preferences. Because the undersigned has recommended that the claims raised in this petition lack merit, appellate counsel did not render ineffective assistance by not presenting these claims on appeal. Appellate counsel is not deficient in failing to present a meritless claim. Furthermore, to show prejudice from a failure to adequately brief an issue for appeal, Petitioner must show a reasonable probability that the appeal would have had a different outcome had appellate counsel addressed these issues and Petitioner has failed to do so.

Further, the state habeas court adjudicated this claim on the merits. Having independently reviewed the entire state court record, it is respectfully recommended that there is nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence that Petitioner "has not shown that either trial or appellate counsel rendered deficient performance or that, but for their performance, the results of his trial or appeal would have been different." (D.E. 14-11, Page 21). Accordingly, it is respectfully recommended that Petitioner's ineffective assistance of trial and appellate counsel claims do not warrant federal habeas relief.

### C.    Trial Court Errors

In his final grounds for relief, Petitioner alleges the state trial court erred by allowing inadmissible evidence into the trial, specifically the vial of Petitioner's blood which he again alleges was missing a cap seal label.  Petitioner further alleges the state trial court erred by allowing juror misconduct, appointing appellate attorney Adam Rodrigue and failing to hold a Jackson-Denno hearing.  (D.E. 1, Page 8).  The state habeas court found Petitioner "failed to prove entitlement to relief on his trial court error claims."  (D.E. 14-11, Page 21).

In the first three claims, Petitioner is re-alleging and referencing the same arguments made in previous points of error in his pending petition.  Therefore, for the reasons previously stated, there is no merit to Petitioner's claims regarding the blood vial, juror misconduct or Petitioner's appellate attorney.  As such, it is recommended that there is nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence when it determined that Petitioner's claims on these points of error failed.

The only partially novel argument raised is Petitioner's allegation that the state trial court erred by failing to hold a Jackson-Denno hearing prior to his co-defendant's testimony.  This hearing is conducted in response to a motion made by a defendant who wishes to challenge the voluntariness of his custodial statements made to authorities on the basis that improper police conduct requires exclusion of his confession.  *Jackson v. Denno*, 378 U.S. 368 (1964).  A defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined prior to submission of such statements to a jury.  *Id*.

As held by the state habeas court, Petitioner lacks standing to make this challenge because he is seeking to exclude his co-defendant's testimony rather than his own. Further, as stated previously, even if Petitioner did have standing, Petitioner is seeking to exclude his co-defendant's testimony at the punishment stage after both Petitioner and his co-defendant had already been found guilty after the jury verdict after a trial. This is not the purpose of a *Jackson v. Denno* hearing. Therefore, Petitioner's argument is without merit and he has failed to show he is entitled to relief of the basis of this claim.

As such, it is recommended that there is nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence that Petitioner "failed to prove entitlement to relief on his trial court error claims." (D.E. 14-11, Page 21). Accordingly, it is respectfully recommended that Petitioner's claim of trial error does not warrant federal habeas relief.

## VI.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A District Court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just rule on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added)

In Petitioner's case, reasonable jurists could not debate the dismissal or denial of the Petitioner's §2254 petition on substantive or procedural grounds, nor find that the issues are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327. Accordingly, it is respectfully recommended the Court not issue a certificate of appealability.

**VII.    RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that Respondent's Motion for Summary Judgment (D.E. 10) be **GRANTED** and Petitioner's application for habeas corpus relief be **DISMISSED**. It is further recommended that a Certificate of Appealability be **DENIED**.

Respectfully submitted this 20th day of October, 2014.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).