UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NOE HERNANDEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-417 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**

Pending before the Court is Respondent William Stephens's Motion for Summary Judgment (D.E. 10), seeking dismissal of Petitioner Noe Hernandez's writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.E. 1). On October 20, 2014, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R, D.E. 18) recommending that Respondent's motion be granted and that a certificate of appealability be denied. Petitioner's objections, in large part, reiterate his habeas petition arguments without identifying any particular claimed error in the M&R. The Court has construed the objections liberally, and to the extent the Court was able to discern specific objections, those objections are addressed below.

First, Petitioner argues that his trial counsel provided ineffective assistance by failing to hire a DNA expert witness "to aid and assist in bringing out mitigation and impeachment evidence." D.E. 22, p. 14. Petitioner states, "[b]ecause petitioner believes that the DNA evidence demonstrates that he was excluded as a DNA match . . . his trial

1 / 5

counsel was ineffective for failing to properly prepare for an effective cross-examination of the state expert witness . . . ." *Id.* 11.

Petitioner makes this specific ineffective assistance of counsel argument for the first time in his objection to the M&R. "Although issues raised for the first time in objections to a magistrate's report are generally not properly before the district court, a district court may construe the presentation of an issue in this posture as a motion to amend the underlying pleading." *Hale v. Young*, 584 F. App'x 246, 247 (5th Cir. 2014) (citations omitted). Because, as demonstrated below, Petitioner's claim for ineffective assistance of his trial counsel is not supported by the record, we need not address whether he properly exhausted his claim in the state court. *See Richardson v. Quarterman*, 537 F.3d 466, 474 n.3 (5th Cir. 2008) (pretermitting the question of exhaustion).

The record demonstrates that Petitioner's trial counsel investigated and prepared himself with regard to the DNA evidence and the cross-examination of the state's expert witness. *See Bower v. Quarterman*, 497 F.3d 459, 472 (5th Cir. 2007) (citing *Dees v. Caspiri*, 904 F.2d 452, 455 (8th Cir. 1990)) ("Counsel has a duty to garner the expertise necessary to cross examine [the state's expert]."). Petitioner's counsel questioned the state's expert about the DNA evidence's chain of custody and the possibility of contamination. D.E. 13-4, p. 57-59. Petitioner's counsel also elicited testimony from the expert about the uncertainty of her findings. D.E. 13-5, p. 59. This examination demonstrates that Petitioner's counsel was familiar with the DNA issue and that he had knowledge to adequately cross-examine the expert about the DNA evidence. As a result, this Court finds that Petitioner's ineffective assistance allegations are defeated by the

record. He cannot demonstrate "errors so serious as to deprive [him] of a fair trial, a trial whose results [are] reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner's first objection is **OVERRULED**.

Second, Petitioner objects to the M&R's recommendation regarding his right to testify at trial. Petitioner argues that "his trial counsel denied him the right [to testify] . . . and such denial did prejudice the petitioner." D.E. 22, p. 12. The Fifth Circuit has repeatedly held that there is "a strong presumption that counsel's decision not to place [a defendant] on the stand was sound trial strategy." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001). However, "counsel cannot override the ultimate decision of a defendant who wishes to testify contrary to counsel's advice." *Bower*, 497 F.3d at 473-74 (citing *United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002)). Here, the record does not support Petitioner's claim. As the Magistrate Judge stated, and as the record indicates, the Petitioner made his decision not to testify after lengthy discussions with counsel—an admission Petitioner made at trial. D.E. 18, p. 20 (citing D.E. 13-8, pp. 61-62). Therefore, Petitioner's second objection is **OVERRULED**.

Third, Petitioner objects to the Magistrate Judge's conclusion that the trial court was not required to hold a Jackson-Denno hearing. Petitioner argues that he was entitled to know what his co-defendant was going to say before the co-defendant's testimony was presented before the jury during the punishment phase. D.E. 22, p. 18. This is not the purpose of a Jackson-Denno hearing. *Lego v. Twomey*, 404 U.S. 477, 485 (1972). As the Magistrate Judge discussed, a Jackson-Denno hearing is conducted in response to a motion made by a defendant in order to challenge the voluntariness of his own custodial

statements made to authorities.  *Id.* ("The procedure we established in [*Jackson v. Denno*, 378 U.S. 368 (1964)] was designed to safeguard the right of an individual . . . not to be compelled to condemn himself by his own utterances.").  Finding no error in the Magistrate Judge's conclusion, the Court **OVERRULES** Petitioner's third objection.

Last, Petitioner reurges his request for an evidentiary hearing under § 2254(e)(2).  However, Petitioner still has not provided an argument as to why he is entitled to such relief.  The habeas corpus statute provides the following in regards to evidentiary hearings:

> If an applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) The facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Petitioner has failed to show that facts "outside the record" exist and that such facts were unknown and could not have been previously discovered through the exercise of due diligence.  He has further failed to show how any such facts would establish by

clear and convincing evidence that no reasonable factfinder would have found him guilty. Accordingly, Petitioner's request for an evidentiary hearing is denied.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R (D.E. 18), as well as Petitioner's objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's M&R to which the objection was specifically directed, this Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. The Court also **DENIES** Petitioner's request for an evidentiary hearing. Accordingly, this action is **DISMISSED.** In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED.**

ORDERED this 24th day of February, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE